## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| **WILLIAM JOEL SOLIS VAZQUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **GRANITE CONSTRUCTION** | ) | |
| **COMPANY OF CALIFORNIA** | ) | |
| **a/k/a GRANITE CONSTRUCTION** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a) through (c), and § 1446, Defendant, GRANITE CONSTRUCTION COMPANY OF CALIFORNIA a/k/a GRANITE CONSTRUCTION COMPANY (hereinafter "Defendant"), through its undersigned counsel, hereby requests this Court to remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida where the action is now pending under Case No. 2021-CA-011296-O to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Removal, Defendant states as follows:

## I.  <u>State Court Action</u>

1.     Plaintiff William Joel Solis Vazquez ("Plaintiff") initiated a civil action captioned *William Joel Solis Vazquez v. Granite Construction Company of California a/k/a Granite Construction Company*, Civil Action No. 2021-CA-011296-O, in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida ("State Court Action"). The Complaint in the State Court Action seeks relief for alleged discrimination and retaliation in purported violation of The Florida Civil Rights Act (hereinafter "FCRA"). Specifically, Plaintiff alleges the following causes of action:

a)  Count I – National Origin Discrimination

b)  Count II – Retaliation

2.     On September 7, 2022, Defendant received service of process with a copy of the Complaint.  A copy of the Summons and Complaint is attached as *Exhibit A*.  Therefore, this Notice has been filed within 30 days after service upon Defendant of the pleading setting forth the claims for relief upon which this removal is based as required by 28 U.S.C. § 1446(b).

3.     Pursuant to 28 USC §1446(a) and Local Rule 1.06, a complete copy of the State Court Docket and all pleadings in the State Court Action to date are attached as Composite Exhibit B. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearances or argument

before the State Court. By submitting this petition for removal, Defendant does not waive or release any rights, remedies, or defenses.

4.     This matter meets the requirements of diversity jurisdiction, because as established herein: (1) Plaintiff resides in Florida; (2) Defendant is not a corporate citizen of Florida; and (3) the amount in controversy exceeds $75,000.00

5.     The United States District Court for the Middle District of Florida, Orlando Division, includes the location in which Plaintiff was employed and encompasses the judicial district in which Plaintiff filed his Complaint. Thus, removal is proper to this Court pursuant to § 1441.

6.     Pursuant to 28 U.S.C. §1446(d), Defendant has provided written notice of the removal to all parties in this action and has filed a copy of this Notice of and Petition for Removal in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

## II.     <u>Basis for Removal of State Court Action</u>

"If a state-court complaint states a cause of action that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010). An action filed in state court may be removed to federal court based on diversity of citizenship, 28 U.S.C. § 1332, or federal question

jurisdiction, 28 U.S.C. § 1331. This Court has diversity of citizenship jurisdiction over Plaintiff's claims, as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

### A.      Complete Diversity of Citizenship Exists

Removal is proper based on diversity jurisdiction. Pursuant to 28 U.S.C. § 1332(a), district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between 'citizens of different states.'" As explained below, diversity jurisdiction exists here because Plaintiff is a citizen of Florida, Defendant is a corporate citizen of California, and the amount in controversy easily exceeds $75,000.

### 1.  Plaintiff and Defendant are Citizens of Different States

#### a.  <u>Plaintiff is a Citizen of the State of Florida</u>

An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *Brooks v. Sears, Roebuck & Co.*, Case No. 6:18-cv-554-Orl-37DCI, 2018 U.S. Dist. LEXIS 124390, *10 (M.D. Fla. July 2, 2018) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).  While there is a presumption that the state in which a person resides is that person's domicile, for

purposes of diversity jurisdiction, domicile is determined by residence and intent to remain.  *Grant v. Pottinger-Gibson*, Case No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, at *6-7 (S.D. Fla. July 17, 2017) (finding removal was proper where defendant made a minimal showing of domicile and citizenship); *Jakobot v. Am. Airlines, Inc*, Case No. 10-61576-CIV-LENARD, 2011 U.S. Dist. LEXIS 64824, at *5.  Courts consider a party's residence as part of the "totality of the evidence" to supplement a residence allegation.  *Id.* at *6-7.

Plaintiff alleges in his Complaint that he "is a resident of Orange County, Florida . . . ." *Exhibit A, Compl*. ¶3.  Beyond this allegation of residency, the totality of evidence shows that Plaintiff is domiciled in, and intends to remain a citizen of, the State of Florida.  Defendant employed Plaintiff as a Carpenter from on or about April 2, 2020 to August 6, 2020.  Plaintiff provided an Orlando, Florida address in his application for employment with Defendant. Declaration of Allie Sutton, attached as *Exhibit C*, ¶4.  Plaintiff also provided Defendant with a copy of his Florida Driver's License for his new hire paperwork, which has the same Orlando, Florida address. *Exhibit C*, ¶5.  Defendant then verified Plaintiff's eligibility for employment using the Department of Homeland Security's E-Verify system based on Plaintiff's Florida drivers' license and social security card. *Exhibit C*, ¶5.  Plaintiff used the same Orlando, Florida address as his driver's license when he completed his IRS Form W-4; I-9 Form, beneficiary

5

designation, credit union application, and other employment forms. *Exhibit C,*
¶6.

Accordingly, Defendant has carried its burden of showing that Plaintiff is,
and has been at all relevant times, a citizen of Florida for the purposes of
removal.

### b. Defendant is a Citizen of California

At the time the Complaint in the State Court Action was filed, Defendant
was and continues to be a citizen of the State of California. "For diversity
purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the
state where it has its principal place of business." *Knorr v. Standard Fire Ins. Co.,*
8:20-CV-01813-WFJ-JSS, 2020 U.S. Dist. LEXIS 159607, at *3 (M.D. Fla. Sept. 2,
2020) (citing 28 U.S.C. § 1332(c)(1)).

Defendant is a corporation organized and existing under the laws of the
State of California. *See* Florida Department of State, Division of Corporations,
attached hereto as *Exhibit D*.[1] *See also Exhibit C,* ¶2.  Additionally, Plaintiff admits
in his Complaint that Defendant is a "California Company, and which operates,
conducts business, and is authorized to conduct business in Orange County,
Florida." *Exhibit A, Compl.* ¶4.  Additionally, Defendant's principal place of

---

[1] *Allstate Ins. Co. v. Estate of Levesque,* Case No. 8:08-cv-2253-T-33EAJ, 2010 U.S. Dist. LEXIS
83299, *3 n.1 (M.D. Fla. July 19, 2010) (taking judicial notice of documents on file with the
Florida Division of Corporations).

business is located in Watsonville, California. *Exhibit C*, ¶2. Defendant is therefore a citizen of California, <u>not</u> a citizen of Florida, and has satisfied its burden of showing complete diversity among the parties.

## 2.  The Amount in Controversy is Satisfied[2]

If diversity of citizenship exists, as it does here, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Although Defendant denies that Plaintiff is entitled to any relief at all, Plaintiff's allegations satisfy the $75,000 jurisdictional amount-in-controversy.

A defendant need only provide a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). If a plaintiff challenges jurisdiction, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it," but simply must show, by a preponderance of the evidence, that the threshold is satisfied. *Thomas v. Family Dollar Stores of Fla., Inc.*, No. 8:17-cv-583-T-30AEP, 2017 U.S. Dist. LEXIS 65963, at *3-4 (M.D. Fla. May 1, 2017) (denying plaintiff's motion to remand); *see also Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (finding that

---

[2] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not to be in excess of the jurisdictional limit at issue.  By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

where the complaint is silent as to the amount of damages claimed, the removing defendant need only establish by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied).

"Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.,* Case No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, at *6 (M.D. Fla. Jul. 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka,* 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star gazing." *Id.* at 754. "When it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts]

to be vigilant.'" *Cowan*, 2014 U.S. Dist. LEXIS 95412, at *7-8.

As Judge Howard pointed out in *Cowan*, "recent Eleventh Circuit opinions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Id*. at *13. However, it is improper for the court to inquire into the amount of damages a plaintiff is likely to receive on the merits. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. Jun. 5, 2014). Rather, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." *Id*. at 730. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *Id*. at 731 (emphasis added).

According to his Complaint, Plaintiff is seeking back pay, front pay, lost benefits, compensatory damages, attorneys' fees and costs, and such other relief as the Court deems just and proper. *See Compl. Ex A, at Demand For Relief WHEREFORE clauses*.

### a.   Back Pay and Front Pay

Courts have held that for purposes of determining the amount in controversy, back pay may be calculated through the estimated date of trial. *Wineberger v. Racetrac Petroleum, Inc.*, Case No. 5:14-cv-653-Oc-30PRL, 2015 U.S. Dist. LEXIS 5570, at *7-8 (M.D. Fla. Jan. 16, 2015); *Hendry v. Tampa Ship*, LLC, Case No. 8:10-cv-1849-T-30TGW, 2011 U.S. Dist. LEXIS 14459, at *5 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Sheehan v. Westcare Found., Inc.*, Case No. 8:12-cv-2544-T-33TBM, 2013 U.S. Dist. LEXIS 9027, at *5 (M.D. Fla. Jan. 23, 2013) (holding "back pay for the purposes of the amount in controversy requirement should be calculated to the date of trial.").

At the time of his separation, Plaintiff worked full time and was generally expected to work about 40 hours per week at a rate of pay of $21 per hour. *Exhibit C*, ¶7.  Plaintiff was paid $12,904.50 in regular pay, plus $1,937.25 in overtime pay during his employment from April 5, 2020 until his separation on August 6, 2020. *Exhibit C*, ¶7.  Therefore, Plaintiff made approximately $824.54 per week at the time of his separation ($14,841.75 ÷ 18 weeks). If this case proceeds to trial two years from the date the Complaint was served (which would be September 2024), Plaintiff's back pay claim from his last date of employment on August 6, 2020 through trial in September 2024 (approximately

212 weeks) would total $174,802.48, without pre- and post-judgment interest. Even if the Court looks at back pay only from the time of separation to the present date (August 7, 2020 to September 30, 2022 or 112 weeks) the back pay claim would be approximately $92,348.48. Moreover, 12 months of alleged front pay would total approximately $42,876.08. *See Wineberger*, 2015 U.S. Dist. LEXIS 5570, at *8 (calculating 12 months of front pay in diversity jurisdiction analysis). Therefore, the amount in controversy is easily satisfied.

### b. Compensatory Damages

Plaintiff also seeks compensatory damages for alleged emotional pain and suffering, inconvenience, embarrassment, humiliation, mental anguish, and loss of enjoyment of life. *Exhibit A, Compl., WHEREFORE clauses*. Evidence of claimed compensatory damages can be considered when determining whether an amount in controversy exceeds $75,000. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1357 (S.D. Fla 1998). There is no cap for compensatory damages under the FCRA. Fla. Stat. § 760.11(5).

Courts have also observed that when determining if removal is proper, a claim of compensatory damages "could easily match the amount of economic damages." *Barnes v. Jetblue Airways Corp.*, Case No. 07-60441-CIV-COHN, 2007 U.S. Dist. LEXIS 33276, at *5 (S.D. Fla. May 7, 2007) (finding that the $75,000 jurisdictional amount was satisfied for diversity purposes based, in part, on

plaintiff's claim for compensatory damages which the court determined could easily match the amount of economic damages). As explained above, Plaintiff's back and front pay claims could potentially approximate $217,678.56. The possible award of an equal amount in compensatory damages would put the amount in controversy at approximately $435,357.12.

Based on the fact that Plaintiff is seeking compensatory damages, the amount in controversy is easily satisfied, without even considering the remaining amount of alleged damages, explained *infra*. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058,1061-62 (11th Cir. 2010) (stating that "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.") (citations omitted).

### c. Attorneys' Fees

Plaintiff also seeks recovery for reasonable attorneys' fees, which are provided for by the FCRA. *See* Fla. Stat. § 760.11(5). "When a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Brown v. Cunningham Lindsey U.S.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at *13 (M.D. Fla. May 11, 2005) (citing *Morrison v. Allstate Indem. Co*, 288 F.3d 1255, 1265 (11th Cir. 2000)).

Defendant estimates that Plaintiff's counsel may spend 400 or more hours litigating this case through trial. Such an estimate is consistent with how courts within Florida have defined "reasonableness" with regard to the amount of hours spent litigating a case. *See e.g. St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2006) (affirming a reduction of any attorneys' fee award by thirty percent in a Title VII employment discrimination case where the plaintiff's attorneys claimed approximately 1500 hours litigating the case through trial); *Holland v. Gee*, No. 08-cv-2458, 2012 U.S Dist. LEXIS 164956, at *16 (M.D. Fla. Oct. 23, 2012) (affirming estimate of 260.8 billed hours by lead attorney and 190.8 hours billed by associate attorney as reasonable in a Title VII and FCRA case that proceeded through trial).

Further, courts have also found that $250 per hour is a reasonable hourly rate for plaintiffs' attorneys in similar cases. *See e.g., St. Fleur*, 149 F. App'x at 852-53 (affirming $250 as a reasonable hourly rate for lead trial attorneys litigating Title VII claim in the Middle District of Florida); *Brown v. Sch. Bd. of Broward County*, No. 08-cv-61592-CIV-DIMITROULEAS, 2010 U.S. Dist. LEXIS 85084, at *8 (S.D. Fla. June 29, 2010) ($250 was a reasonable rate for a plaintiff's attorney with six years of experience litigating a Title VII claim in the Southern District of Florida). Counsel for Plaintiff has been admitted to practice law in the State of Florida for over twenty years, so $250 is a reasonable rate to assume.

Following these precedents, Plaintiff's claims for attorneys' fees could easily exceed $100,000.00 ($250 hourly rate x 400 billable hours), which, when combined with Plaintiff's claims for back pay, front pay, compensatory, and punitive damages, easily surpass the amount in controversy requirement.

Based on Plaintiff's claims for back pay, front pay, compensatory damages, and attorney's fees, Defendant has established by a preponderance of the evidence that the amount in controversy in this matter is in excess of $75,000. *See e.g.*, *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, at *16 (N.D. Fla. Mar. 6, 2012) (denying plaintiff's motion to remand an FCRA action where the back wages were $14,082.00, because "even a minimal award for compensatory damages, plus a reasonable attorney's fee places the amount in controversy in this case well above the sum of $75,000.00.").

WHEREFORE, Defendant, GRANITE CONSTRUCTION COMPANY, a California Corporation, hereby removes the State Court Action from the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida to the United States District Court for the Middle District of Florida and requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in state court and grant such further relief as the Court deems just and appropriate.

DATED this 4th day of October, 2022.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:   (407) 246-8441


By:    _/s/ Tasos C. Paindiris_____
        Tasos C. Paindiris
        Florida Bar No. 0041806
        tasos.paindiris@jacksonlewis.com

        Kathleen C. Shea
        Florida Bar No. 0102837
        kathleen.shea@jacksonlewis.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2022, the foregoing was furnished by email to: Anthony M. Georges-Pierre, Esquire and Max L. Horowitz, Esquire, Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Fl 33130.


        _/s/ Tasos C. Paindiris_____
        Tasos C. Paindiris


4854-1524-0756, v. 3