IN THE CIRCUIT COURT OF THE 9TH<br>
JUDICIAL CIRCUIT IN AND FOR<br>
ORANGE COUNTY, FLORIDA

WILLIAM JOEL SOLIS VAZQUEZ,    CASE NO.:_____

    Plaintiff,

vs.

GRANITE CONSTRUCTION COMPANY
OF CALIFORNIA
a/k/a GRANITE CONSRUCTION COMPANY,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, WILLIAM JOEL SOLIS VAZQUEZ ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, GRANITE CONSTRUCTION COMPANY OF CALIFORNIA a/k/a GRANITE CONSTRUCTION COMPANY ("Defendant") in support avers as follows:

1. This is an action for declaratory and injunctive relief exceeding $30,000.00 excluding attorney's fees and costs pursuant to The Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful discriminatory treatment of and retaliation against Plaintiff on the basis of his national origin.

2. This Court has jurisdiction of the claims herein pursuant to the FCRA.

3. At all times material hereto, Plaintiff was, and still is, a resident of Orange County, Florida.

4. Defendant, GRANITE CONSTRUCTION COMPANY OF CALIFORNIA a/k/a GRANITE CONSTRUCTION COMPANY, is a California Company, and which

1

operates, conducts business, and is authorized to conduct business, in Orange County, Florida.

5. Defendant was a "person" and/or an "employer" pursuant to the Family and Medical Leave Act of 1993, since it employs fifty (50) or more employees for the applicable statutory period.

6. Defendants was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq. since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla Stat. Section 760, et seq. and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff was employed by Defendant from on or about March 2020 through on or about August 6th, 2020, as Carpenter.

2

12. Plaintiff is a Hispanic Puerto Rican individual and within a class of individuals protected by the FCRA.

13. The Plaintiff was supervised Rafael Nunez (Mexican-American) and a White-American man named John (LNU).

14. Plaintiff was subjected to derogatory comments, harassment, and negative treatment by his supervisors based on his Puerto Rican national origin.

15. For instance, Mr. Nunez referred to the Plaintiff as "stupid, dumb, mother fucker" and a "cabron." John would refer to his admiration for Donald Trump while verbally harassing the Plaintiff by calling him a "mother fucker" and "dumb ass."

16. The Defendant required the Plaintiff to lift heavy transformers without the necessary equipment, which caused Plaintiff to injure his back. Further, Defendant required Plaintiff to enter a contaminated pond that contained alligators. Plaintiff developed a bad rash shortly after being required to work in the pond.

17. Similarly situated non-Puerto Rican employees were not expected to do as much work and were treated more favorably by the supervisors because of their national origin and ability to speak English. Plaintiff complained to his supervisors about his working conditions and when the Plaintiff asked that the other employees assist him by performing their expected job duties he was harassed and fired from his job.

18. Throughout Plaintiff's employment, Defendants engaged in intentional discriminatory conduct including but not limited to; (1) Harassing and verbally assaulting the Plaintiff because of his national origin, (2) favoring non-Puerto Rican employees by giving them less work and more desirable tasks because of their national origin, (3) subjecting the Plaintiff to undesirable and dangerous work conditions by forcing him to perform overly

3

hazardous duties without the necessary safety equipment, (4) retaliating against the Plaintiff by firing him after he voiced his complaints and; (5) Similarly situated, non-Puerto Rican employees were not subject to such treatment. Defendant, by not remedying this conduct, thereby ratified such conduct.

19. Any reason proffered by Defendant for the conduct described above is mere pretext for unlawful discrimination and retaliation.

20. Throughout his employment Plaintiff never received complaints about his work performance and was able to perform the essential functions of his job duties and responsibilities, and at all relevant times did perform his job at satisfactory or above-satisfactory levels.

**Count I**
***National Origin Discrimination in Violation of the FCRA***

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

22. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin classifications, considerations, or national origin-based reasons.

23. The Plaintiff possessed the requisite qualifications and skills to perform the position for the Defendant employer.

24. The Plaintiff was subjected to disparate treatment in the workplace, in that a similarly situated non-Puerto Rican, employees were allowed opportunities not given to Plaintiff due to Plaintiff's national origin.

25. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses.

26. Moreover, as a further result of the Defendant's unlawful discriminatory-based conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

A. Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, and lost benefits; and

B. Award Plaintiff as to this count prejudgment interest; and

C. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

D. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

E. Plaintiff demands a trial by jury.

<u>**Count II**</u>
*Retaliation in Violation of the FCRA*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

28. Plaintiff is a member of a protected class under the FCRA.

29. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

5

protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

31. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

33. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

6

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demand trial by jury of all issues triable as of right by jury.

Dated: _____,  Respectfully submitted,

/s/*Anthony M. Georges-Pierre, Esq.*
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005